UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DAVID JOHN BUCKOWING and                           Case No. DG 08-03520
MELISSA JOYCE BUCKOWING,                            Hon. Scott W. Dales

        Debtors.
_____/

BYRON BANK,

        Plaintiff,                                 Adversary Proceeding
                                                   No. 08-80384
v.

DAVID JOHN BUCKOWING and
MELISSA JOYCE BUCKOWING,

        Defendants.
_____/

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT

PRESENT:   HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Plaintiff Byron Bank ("Bank") filed a motion for judgment by default (DN 6), pursuant to Fed. R. Civ. P. 55, because Defendants David Buckowing and Melissa Buckowing failed to answer or otherwise respond to the Bank's complaint.  The court set the matter for hearing on January 6, 2009 in Grand Rapids.  The Bank appeared through counsel; Mr. Buckowing appeared *pro se*; Mrs. Buckowing did not appear.

The Bank's complaint is premised on the Defendants' allegedly illegal withdrawal of funds from a deposit account that the Defendants opened at the Bank to hold trust funds belonging to their daughter.  The Bank alleges that the Defendants withdrew

funds from the account in violation of probate court orders and their fiduciary duties to their daughter. The Bank restored the funds to the deposit account, presumably because it failed to take steps to prevent the withdrawal in the first place, and now seeks judgment against the Defendants declaring that it holds a debt that is excepted from discharge under 11 U.S.C. § 523(a)(4).

At the default hearing, Mr. Buckowing disclaimed liability by asserting that his now-estranged wife actually withdrew the funds. When I asked him why he did not answer the complaint, he stated that in September, 2008 he had moved out of the marital home, where the Plaintiff served process by mail on October 2, 2008 (DN 3), and had not received it. Evidently he did receive notice of the January 6, 2009 hearing, however. Mr. Buckowing, without benefit of counsel, did not formally move to set aside the default, but he did proffer a defense to liability and a reason for not answering the complaint – a reason that casts doubt on the court's personal jurisdiction.

Under the circumstances, I will treat Mr. Buckowing's in-court statements as an oral motion to set aside the default, and will set aside the default as to him for cause shown. Notwithstanding Mr. Buckowing's success in opposing the motion for default judgment, I urge him to seek counsel to defend against the Plaintiff's very serious allegations. Even assuming, *arguendo*, that he did not personally withdraw the funds, the Bank may nevertheless succeed in fashioning fiduciary liability on him for his role, if any, in the alleged defalcation.

Finally, although I will not relieve Mrs. Buckowing of her default, in the absence of the special showing that Fed. R. Civ. P. 54(b) requires, I will deny Plaintiff's motion as to both Defendants at this time.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk's entry of default (DN 4) is set aside as against David Buckowing only, pursuant to Fed. R. Civ. P. 55(c);

IT IS FURTHER ORDERED that the Plaintiff's motion for default judgment (DN 6) is DENIED;

IT IS FURTHER ORDERED that Plaintiff shall serve the complaint and a fresh summons upon David Buckowing at the new address he recited in open court, and David Buckowing may file and serve an answer or other response to the complaint when and as Fed. R. Bankr. P. 7012 requires;

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order Denying Motion for Default Judgment pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Ronald J. Vander Veen, Attorney for Plaintiff, Defendant David Buckowing at 10760 Tower Street, Greenville, Michigan 48838 and Defendant Melissa Buckowing at 103 Roth, S.E., Grand Rapids, Michigan 49548.

[END OF ORDER]

**IT IS SO ORDERED.**



Scott W. Dales
United States Bankruptcy Judge

**Dated: January 08, 2009**